*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

DARRELL DAVIES and NANCY DAVIES,

Plaintiffs-Appellants,

v

DISTRICT CENTER BOARD OF THE MICHIGAN
DISTRICT CHURCH OF THE NAZARENE, doing
business as INDIAN LAKE NAZARENE CAMP,

Defendant-Appellee.

UNPUBLISHED
August 22, 2024

No. 365492
Kalamazoo Circuit Court
LC No. 2022-000032-NO

Before: GADOLA, P.J., and K. F. KELLY and MARIANI, JJ.

MARIANI, J. (*concurring*).

I agree with the majority's conclusion that the Recreational Land Use Act (RUA) applies to and forecloses plaintiffs' claims in this case, but write separately to confirm that this conclusion holds under the analytical framework articulated in *Rott v Rott*, 508 Mich 274; 972 NW2d 789 (2021). As the majority aptly explains, controlling precedent makes clear that the RUA applies to defendant's property. The parties do not dispute that Darrell was engaging in recreational activity when he was injured while riding his e-bike on defendant's property, but disagree over whether that recreational activity falls within the scope of the RUA. Because his bicycle was motorized, Darrell was arguably "motorcycling" under the RUA and thus engaging in a recreational activity expressly covered by the statute. Regardless, however, the activity constitutes an "other outdoor recreational use" under the statute, as that language has been construed by our Supreme Court in *Rott*. As explained in *Rott*, to determine whether an activity or use that is not "specifically listed in the RUA" falls within the scope of that language, "one must consider whether the unlisted activity or use is something that (a) traditionally could only occur outdoors and (b) can be engaged in by merely having access to the land without needing to change it." *Id*. at 300. The activity in question here plainly meets these criteria, in my view, and plaintiffs have offered no basis to conclude otherwise. The RUA thus governs plaintiffs' claims and, with no evidence of "gross negligence or willful and wanton misconduct" by defendant, MCL 324.73301(1), forecloses those claims as a matter of law.

I write separately also to note that this conclusion is seemingly dispositive in itself of plaintiffs' claims, and does not depend on whether the trial court properly concluded that the claims sound in premises liability or that Darrell was trespassing at the time of his injury. See *Milne v Robinson*, 513 Mich 1, 9-10; 6 NW3d 40 (2024) ("We reject plaintiff's argument that the RUA only limits a landowner's potential common-law premises liability. . . . It is clear that plaintiff's cause of action is 'for injuries to a person' and therefore falls within the scope of the RUA.") (quoting MCL 324.73301(1)); MCL 324.73301(1) (expressly providing that the RUA applies regardless of whether the injured person was "on the land of another . . . with or without permission").[1] Accordingly, I would not reach these other claims of error.

/s/ Philip P. Mariani

---

[1] Per MCL 324.73301(1)'s plain terms, had Darrell paid defendant "a valuable consideration" for riding his e-bike on defendant's property, then the RUA would not apply, but there is no dispute here that he did not.